THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DWAYNE TAYLOR ROWLAND JR., <br><br>Plaintiff, <br><br>v. <br><br>LT. ANDRESEN et al., <br><br>Defendants. | **MEMORANDUM DECISION AND DISMISSAL ORDER** <br><br>Case No. 2:23-CV-280 DAK <br><br>District Judge Dale A. Kimball |

Plaintiff Dwayne Taylor Rowland Jr., as a state prisoner formerly held by Purgatory Correctional Facility (PCF) in Washington County, Utah, filed this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2025).[1] (ECF No. 1.)

After screening Plaintiff's Complaint, the Court ordered him to cure its deficiencies. (ECF Nos. 1, 4.) In that Cure Order, the Court gave specific guidance on the deficiencies, along with other details to help Plaintiff file an amended complaint with valid claims if possible. (ECF No. 4.) The Court further notified Plaintiff, "If an amended complaint is filed, the Court will screen each claim and defendant for dismissal or an order effecting service upon valid defendants who are affirmatively linked to valid claims." (*Id.* at 8.)

---

[1]The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2025).

Plaintiff has since filed the Amended Complaint (AC), which retains many of the flaws warned against in the Cure Order. (ECF Nos. 4-5.) The AC names as defendants (in their individual capacities) the following PCF officers: Sergeant McMurphy, and unnamed deputies one through three. (ECF No. 5.) Plaintiff alleges facts meant to support causes of action regarding legal access--i.e., McMurphy's rejection of his request to use the PCF law library and the unnamed deputies' failure to timely process his legal mail. (*Id.*) He requests declaratory, injunctive,[2] and monetary relief. (*Id.* at 15.)

Having now thoroughly screened and liberally construed[3] the AC under its statutory review function,[4] the Court dismisses this action.

---

[2]Based on the addresses shown on the docket, Plaintiff has never been held at PCF during the course of this action. Inasmuch as he seeks declaratory and injunctive relief as to PCF, then, he is foreclosed from any such remedies. *See Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011) ("Where the prisoner's claims for declaratory or injunctive relief relate solely to the conditions of confinement at the penal institution at which the prisoner is no longer incarcerated, courts have concluded that they are unable to provide the prisoner with effective relief."). Further, none of these defendants would have the authority to "re-open the URCP Rule 65C, Post Conviction Remedies Act case number 190701210," as Plaintiff requests. (ECF No. 5, at 12.)
> Finally, Plaintiff ignores the language in the Cure Order, stating that the Complaint improperly asks for "an injunction to reopen my [state] post conviction relief case," when the correct way to challenge (state post-conviction decisions) in federal court is to timely exhaust any federal claims in the direct appeal and/or state-post-conviction process (through to Utah Supreme Court review), then timely bring those federal constitutional claims to this Court in a federal habeas-corpus petition, under 28 U.S.C.S. § 2254 (2023).

(ECF No. 4, at 1-2.) Also, it is imperative to note the application of the well-established *Rooker-Feldman* doctrine, which prohibits "the federal district court to review and reject, or modify" a state court-decision. *Harsay v. Luckert*, No. 22-3182, 2023 U.S. App. LEXIS 20280, at *8 (10th Cir. Aug. 7, 2023) (unpublished) (citing *Campbell v. City of Spencer*, 682 F.3d 1278, 1284 (10th Cir. 2012)).

[3]The Court recognizes Plaintiff's *pro se* status, and so construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Still, such liberal reading is meant merely to overlook technical formatting errors and other similar defects in Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not excuse Plaintiff from the duty to meet various rules and procedures directing litigants and counsel or the mandates of substantive law; regarding these, the Court will treat Plaintiff with the same standards applicable to counsel licensed to practice law before this Court's bar. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

[4]The screening statute reads:
> (a) Screening.--The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

# I. ANALYSIS--FAILURE TO STATE A CLAIM

## A. Standard of Review for *Sua Sponte* Dismissals

Assessing a complaint for failure to state a claim upon which relief may be granted, this Court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when--though the facts are viewed in the plaintiff's favor-- the plaintiff has not posed a "plausible" right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil-rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original). "[T]he complaint must contain something more than 'unadorned, the-defendant-unlawfully-harmed-me accusation[s].'" *Eaves v. Kory*, No. 24-1048, 2024 U.S. App.

---

(b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2025).

LEXIS 12964, at *2-3 (10th Cir. May 30, 2024) (unpublished) (quoting *Iqbal*, 556 U.S. at 678). Also, "[f]acts, not conclusions, must be pleaded--'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions,' including where a 'legal conclusion [is] couched as a factual allegation.'" *Renaud v. Ross*, No. 1:22-CV-212, 2023 U.S. Dist. LEXIS 19808, at *8 (D. Wy. Jan. 27, 2023) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

As the Court reviews the sufficiency of Plaintiff's allegations, it painstakingly does so per individual defendant, per cause of action. *See Williams v. Utah Dep't of Corr.*, 928 F. 3d 1209, 1212 (10th Cir. 2019) (stating plaintiff must "explain[] which . . . prison-official defendants are liable for what improper conduct"). Indeed, § 1983 cases often include a list of defendants, like

> the government agency and a number of government actors sued in their individual capacities. . . . [I]t is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

*Robbins*, 519 F.3d at 1249-50 (emphasis in original) (citing *Twombly*, 550 U.S. at 565 n.10). When a complaint "fails to isolate the allegedly unconstitutional acts of each defendant," the plaintiff has not carried the burden of providing "adequate notice as to the nature of the claims against each." *Id.* at 1250. For instance, when a complaint uses "the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Id.*

Plaintiff's allegations are detailed and analyzed below. Any facts stated are derived from the allegations and viewed in a light most favorable to him. They are taken as true for this Order only.

## B. Facts Taken as True for This Order Only

During all times relevant to this action, Plaintiff was held at PCF, where he was serving a sentence that had been affirmed on direct appeal. (ECF No. 5, at 2-3.) After that affirmance, Plaintiff filed a timely state post-conviction-relief petition (SPCRP). *See Rowland v. State*, No. 190701210 (Utah 3d Dist. Ct. Nov. 25, 2019) (docket). Following a time extension, the State responded on June 25, 2020, with a Motion for Summary Judgment. *See id.* On July 6, 2020, Plaintiff's response was filed. *See id.* On July 10, 2020, the State's Reply in Support of Motion for Summary Judgment was filed. *See id.* On July 29, 2020, an order was entered granting the motion for summary judgment. *See id.* On July 31, 2020, the judgment was docketed. *See id.* On August 6, 2020, Plaintiff's Motion for Extension of Time to Respond to Utah Attorney General was filed. *See id.* On August 13, 2020, the court entered a note on the docket, stating, "Motion for Extension of Time was received after the ruling was issued. The motion is considered moot, and an order will not be issued on the motion." *See id.* The dismissal was affirmed by the Utah Court of Appeals and a certiorari petition was denied in the Utah Supreme Court. *See id.* (referencing cases numbers 20200671-CA and 20221061-SC).

To the above chronology taken from the state court docket, Plaintiff adds the following context: The time period in question involved circumstances around the COVID-19 pandemic. (ECF No. 5, at 3-4.) "Plaintiff knew that the Utah Attorney General Office was going to file something by June 30, 2020." (*Id.* at 4.) And, because Plaintiff "was afraid of PCF getting COVID[,] and critical services, like mail and commissary being shut down," he "wrote up a paper entitled 'Petitioner's Response to the Attorney General's Answer,'" to ensure he was able to "have some kind of response to the court instead of not having any response at all." (*Id.*) "The Plaintiff mailed the 'Petitioner's Response to the Attorney General's Answer' on May 8, 2020 to

his family and dated the paper for July 1, 2020. This was done so they could mail it to the court at a future date." (*Id.* at 4-5.) On June 23, 2020, PCF was locked down due to COVID-19, meaning the law library became unavailable. (*Id.* at 5.)

After the State filed its summary-judgment motion on June 25, 2020 (which Plaintiff received four days later), Plaintiff called his family and had them mail his response to the court, which was received on July 6, 2020. (*Id.*); *Rowland*, No. 190701210 (docket). Apparently, though, Plaintiff later decided to file another response for which he wanted to "look up case law [to] rebut the State's argument." (ECF No. 5, at 6.) On July 18, 2020, Plaintiff asked Defendant McMurphy about using the law library, but was told "that access to the law library was not possible" due to "the COVID lockdown." (*Id.* at 6.) Plaintiff was therefore unable to file "an appropriate response to the . . . 'Motion for Summary Judgment.'" (*Id.* at 7.)

Plaintiff later "drafted a 'Motion for Extension of Time to Respond,'" which Plaintiff "placed . . . in the outgoing mailbox . . . on July 29, 2020." (*Id.* at 8.) But on that date, Defendant Unknown Deputy One did not pick up the mail as required. (*Id.*) And on July 30, 2020, Defendant Unknown Deputy Two did not pick up the mail as required. (*Id.* at 9.) Further, from July 31 to August 4, 2020, Defendant Unknown Deputy Three held Plaintiff's extension motion in the front office," delaying its receipt at the court until August 6, 2020. (*Id.* at 10.) Plaintiff believes that, without these delays, "the motion would have been delivered to the Second District Court on July 31, 2020[;] then Judge Kay would have signed the motion and the plaintiff would have had a different outcome in his" SPCRP. (*Id.* at 9.) He asserts that these three unknown defendants therefore "violated the plaintiff's right to access the courts." (*Id.*)

## C. Legal Access Causes of Action

The Cure Order notified Plaintiff that his Complaint did "not appear to state a proper legal-access claim." (ECF No. 4, at 1.) The Order then provided the following information to help Plaintiff form adequate legal-access claims:

> As Plaintiff fashions the amended complaint, Plaintiff should keep in mind that it is well-recognized that prison inmates "have a constitutional right to 'adequate, effective, and meaningful' access to the courts and that the states have 'affirmative obligations' to assure all inmates such access." *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980). In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court expounded on the obligation to provide legal access by stating "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828 (footnote omitted & emphasis added).
> However, to successfully assert a constitutional claim for denial of access to courts, a plaintiff must allege not only inadequacy of the library or legal assistance provided but also "that the denial of legal resources hindered [the plaintiff's] efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 84 F.3d 1399, 1403 (10th Cir. 1996) (emphasis added); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). In other words, a plaintiff must show that "denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). Moreover, the non-frivolous litigation involved must be "habeas corpus or civil rights actions regarding current confinement." *Carper*, 54 F.3d at 616; *accord Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).
> To properly state a legal-access claim, the amended complaint must "allege an actual injury"--i.e., "identify the specific legal claims [Plaintiff] raised in [his state post-conviction] proceedings, . . . explain why those claims were nonfrivolous, and . . . explain how those nonfrivolous claims were prejudiced by his inability to access law library materials," *Counts v. Wilson*, 854 F. App'x 948, 952 (10th Cir. 2021) (unpublished), and delay of his outgoing mail.

(ECF No. 4, at 5-6.)

### 1. Defendant McMurphy

Plaintiff's claim here rests on the allegation that Defendant McMurphy rejected his request to use the PCF law library. (ECF No. 5.) And as *Bounds* makes clear, Plaintiff had a right to an adequate library or helper "trained in the law." 430 U.S. at 828. But a sufficient legal-access claim has more to it than that. Another part of such a claim is the requirement that Plaintiff must have been pursuing a "habeas corpus . . . action[] regarding current confinement," *Carper*, 54 F.3d at 616, which Plaintiff also successfully alleged, (ECF No. 5, at 3-9). But the part that topples Plaintiff's claim is his failure to identify an "actual injury," *Counts*, 854 F. App'x at 952, by alleging facts supporting the condition that "that the denial of legal resources hindered [plaintiff's] efforts to pursue a nonfrivolous claim," *Penrod*, 84 F.3d at 1403. In other words, Plaintiff has fatally failed to "identify the specific legal claims [Plaintiff] raised in [his state post-conviction] proceedings, . . . explain why those claims were nonfrivolous, and . . . explain how those nonfrivolous claims were prejudiced by his inability to access law library materials," *Counts*, 854 F. App'x at 952. His AC is utterly devoid of these necessary explanations. And Plaintiff failed to include them despite being thoroughly alerted to his pleading responsibilities. (ECF No. 4.)

Plaintiff has therefore not stated a claim upon which relief may be granted as to his possible legal-access cause of action against Defendant McMurphy.

### 2. The Three Doe Defendants

Plaintiff also asserts that the unnamed defendant deputies' failure to properly process his legal mail thwarted his attempt to timely provide necessary arguments for his SPCRP action. (ECF No. 5.) But the above analysis regarding Defendant McMurphy applies to these Doe defendants too: Plaintiff's failure--to specify the legal claims in his SPCRP, detail how the claims

were nonfrivolous, and how the claims were jeopardized by the untimeliness of the mailing of his motion for extension--undoes his claim against the Doe defendants. But also, the facts that the state trial court ruled against his SPCRP on the very same day Plaintiff put his motion for extension in the mail (July 29, 2020) means that his mail item was always doomed as a means to rescue his SPCRP action. *Rowland*, No. 190701210 (docket); (ECF No. 5, at 8.) There is no supported allegation that the Doe defendants prejudiced Plaintiff's attempt to more suitably argue for his SPCRP. The Doe defendants are thus dismissed.

## II. ORDER

For failure to state a claim upon which relief may be granted, **IT IS ORDERED** that Plaintiff's Amended Complaint, (ECF No. 5), is **DISMISSED** with prejudice. *See* 28 U.S.C.S. § 1915(e)(2)(B) (2025). Two iterations of the complaint, (ECF Nos. 1, 5), and a full round of comprehensive guidance on curing deficiencies, (ECF No. 4), have not resulted in an adequate pleading. It is apparent to the Court that further opportunity to amend would not lead to a different result.

DATED this 7th day of July 2025.

BY THE COURT:

_____
JUDGE DALE A. KIMBALL
United States District Court